IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,614-01






EX PARTE MIRIAM HUDMAN HUGHES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 01CR-15,488 IN THE 123RD JUDICIAL DISTRICT COURT


FROM SHELBY COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to thirty (30) years' imprisonment. The Twelfth Court of Appeals affirmed her conviction.
Hughes v. State, No. 12-02-00254-CR (Tex. App. - Tyler, July 14, 2004, pet. ref'd). 

 Applicant contends that her trial counsel rendered ineffective assistance and that the
prosecutor committed misconduct. On a previous remand the trial court relied on an affidavit from
the prosecutor and additional briefing from the parties to find all of Applicant's claims to be without
merit and frivolous. The record after remand supports finding that the claims of prosecutorial
misconduct are without merit. However, neither the prosecutor's affidavit nor anything else in the
record addresses Applicant's claims of ineffective assistance of trial counsel. The record does not
reflect whether trial counsel has received notice of these proceedings and an opportunity to respond.

 Because this Court does not hear evidence, the trial court is the appropriate forum. Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997). The trial court shall provide Applicant's
trial counsel with the opportunity to respond to Applicant's claims of ineffective assistance of trial
counsel. The trial court may order an affidavit, deposition, or interrogatories from trial counsel, or
it may hold a hearing. Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is represented
by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint counsel to represent Applicant at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel failed to: (a) review the
State's disclosures prior to trial; (b) obtain independent chemical and blood spatter analysis of
decedent's shirt, pathological analysis of body, and ballistic testing of shotgun, when analysis would
have supported the defensive theory that decedent was drunk and grabbing for the gun when it was
fired; (c) investigate the crime scene video and discover that a box of shells featured in the video and
pointed out by the State as having contained the shells used to kill the decedent did not hold the same
brand of shells as the shells used in the shooting, and discover that blood spatter indicating a close
shot had been cleaned or covered up before the recording; (d) present testimony of Julie Harris and
Pam Jones regarding decedent's abusive nature; (e) present testimony of decedent's former wives
and grown children regarding his abusive nature; (f) investigate and present Applicant's medical
records showing injuries from decedent's abuse; and (g) investigate Applicant's statement to him
that Curtis Lewis owed her or the decedent large sums of money and so had an ulterior motive for
wanting her incarcerated. If counsel did fail to investigate and present evidence and witnesses as
described above, the court shall make findings of fact as to whether counsel's conduct constituted
deficient performance, and if it did, whether it resulted in prejudice. The trial court shall make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: April 25, 2007

Do not publish